Cornelius B. Keller et al., Appellees, v. Charles W.
Keller et al. Charles W. Keller and William T.
Vandeveer, Appellants.

(Not to be reported in full.)

Appeal from the Circuit Court of Christian county; the Hon.
JAMES C. McBRIDE, Judge, presiding. Heard in this court at the
October term, 1914. Reversed and remanded with directions. Opin-
ion filed December 11, 1914.

## Statement of the Case.

Bill for partition filed by Cornelius B. Keller, Jennie
Zimmerman, Elenora K. Martin and Grace Bach
against Charles W. Keller, John H. Keller, Mary A.
Keller and William T. Vandeveer, Appellants, alleg-
ing a tenancy in common in certain real estate, the
existence of certain mortgage indebtedness, and that
the land, except two town lots, was in the possession
of Charles W. Keller under farm agreement, dated
March 1, 1913, which terminated March 1, 1914. The
bill prayed for a partition according to the respective
rights of the parties. The farm agreement was ''be-
tween Charles W. Keller, Jennie Zimmerman, J. H.
Keller, Elenora Martin, Grace Bach and C. B. Kel-
ler, heirs of J. B. Keller, deceased, parties of the
first part, and Charles W. Keller, individually, party
of the second part,'' and was signed by all of them
under seal. The contract stated that the parties be-
ing desirous of farming the lands for profit, agreed
to pay the second party for the managing and con-
ducting the same as follows: That the second party
should reside on the land, farm, and manage the same
to the best of his ability, rotating crops as occasion
required, and to make such repairs and improvements
on the land as might be necessary; that the parties of
the first part would ''furnish one-half of the necessary

personal property with which second party is to farm
said lands; and second party agrees to furnish one-
half of all the personal property necessary for con-
ducting the farm, and that the personal property is
to be owned by first parties and second party in com-
mon;" that the "second party is to furnish and pay the
expense of all labor necessary for successfully con-
ducting said lands and feeding and raising live
stock;" and that neither of the parties were to keep
any stock on the farm not owned by them in common;
that the second party was to devote his entire time to
carrying out the contract. The agreement was to be
in force for one year, when it might be terminated and
the property owned in common disposed of by either
of the parties by giving thirty days' notice in writing,
or if not terminated, that it might be renewed by the
mutual agreement of the parties. In the event of
termination of the contract and the inability of the
parties hereto to agree as to the disposition of the
personal property on hand, then it was to be sold at
public sale within thirty days after such notice was
served, and the proceeds of said sale, after deducting
the expenses thereof, were to be divided between the
parties according to their respective interests. It
was further agreed that Edmund H. Bach should act
as the representative of the parties of the first part,
and also how the bank account should be kept and
checked against, and the moneys arising from sales
deposited, and the profits divided.

The defendants admitted the ownership of the land,
but denied that the contract expired March 1, 1914,
and asserted that the agreement had been renewed for
another year, and that a written memorandum thereof
was to be made; that the defendants had executed such
written memorandum; that C. W. Keller, relying on
said agreement had sown seventy acres of winter
wheat, had purchased a large number of cattle for
fattening, and had done other things towards carrying

out the contract for another year; and he asked that if partition was decreed, it be subject to the right of occupancy in furtherance of the partnership contract for another year, and that the interests of the defendants be set off jointly.

The evidence showed that any agreement for the extension of the term, if made, was with the husbands of the female complainants, acting for them, and that the memorandum of the extension was not signed by the complainants.

The court found the interests of the parties as set up in the bill, and that under the contract Charles W. Keller was entitled to the possession of that portion of the farm lands upon which he had sown wheat in the fall of 1913, until the crop was matured and harvested, and that his right of possession to the balance of the land expired March 1, 1914. From a decree entered on such findings, the defendants appeal.

John E. Hogan, for appellants.

Taylor & Taylor, for appellees.

Mr. Presiding Justice Thompson delivered the opinion of the court.

### Abstract of the Decision.

1. Partnership, § 23*—*when agreement to work farm constitutes partnership.* A partnership is created where a person goes into possession of farm land owned by another, to work, manage and pay for working it, under an agreement whereby each is to furnish one-half of the necessary personal property, which is to be owned in common, and the proceeds are to be divided at the expiration of one year.

2. Partnership, § 57*—*when partnership to farm land extended by implication.* A contract of partnership to farm land *held* not extended by implication for another year by the fact that the person who was to manage, work and pay for working it, sowed wheat

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in the fall preceding the expiration of the term, with the knowledge and consent of the husbands of the female owners of the land, and purchased cattle for feeding.

3. PARTNERSHIP, § 58*—*when partnership to farm land not extended.* A contract of partnership for working a farm for one year, *held* not extended for another year by agreement with the husbands of the female owners thereof, where no memorandum of the extension was signed by them.

4. PARTNERSHIP, § 57*—*when partner entitled to possession of farm land after expiration of partnership.* The fact that a person who worked and managed a farm under an agreement of partnership which expired March 1, 1914, sowed wheat in the preceding fall with the consent of the husbands of the female owners thereof, and purchased cattle for feeding, *held* not to entitle him to possession of the land sown after the expiration of the partnership.

5. PARTNERSHIP, § 57*—*when partnership to work farm not extended by sowing fall crop.* The fact that a person who was to manage, work and pay for working a farm under a partnership agreement which expired March 1, 1914, sowed wheat in the preceding fall with the consent of the husbands of the female owners of the property, and purchased cattle for feeding, *held* not to prevent the termination of the agreement, since the grain was sown in performance of the contract, and could be settled for under the terms thereof at the expiration of the term.